UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| STRIKE 3 HOLDINGS, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Case No.      1:23-cv-00146-RP |
| | § | |
| JOHN DOE, subscriber assigned IP address | § | |
| 23.127.77.96, | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT DOE 23.127.77.96'S MOTION TO DISMISS UNDER RULE 12(B)(6), AND MOTION FOR A MORE DEFINITE STATEMENT**

Plaintiff Strike 3 Holdings, LLC ("Strike 3" or "Plaintiff") respectfully submits the following Response in Opposition to Defendant Doe's 23.127.77.96's Motion to Dismiss Under Rule 12(b)(6), and Motion for a More Definite Statement ("Motion"). D.E. 13.

## I.   INTRODUCTION

Defendant commits an elementary error in his Motion by conflating the sufficiency of Plaintiff's pre-suit evidence with plausibility of Plaintiff's claim. A Rule 12(b)(6) challenge indisputably tests the latter and a claim for relief is evaluated on the allegations alone. Even if Defendant's criticism of the evidence–the "pieces" of file recorded by VXN Scan–were appropriate, it is nevertheless incorrect. He erroneously assumes that the allegations about the transfer of pieces is the sole, direct evidence Plaintiff will present to meet its ultimate burden of proof. But this ignores the robust discovery may (and likely will) result in more probative evidence than Plaintiff's pre-suit materials. In any event, the favorable presumption afforded to well-plead allegations reasonably extrapolates that someone who has "pieces" of Plaintiff's works must have

actionable copies of those works. Defendant's evidentiary concerns are not grounds to dismiss and may be taken up again during discovery and summary judgment.

## II.   <u>FACTS</u>

Plaintiff owns the intellectual property to award-winning adult motion pictures.[1] D.E. 11, at ¶2. Despite distributing its works online to paid subscribers, infringers, such as Defendant, circumvent paying for Plaintiff's works by download them from the BitTorrent network. *See id.* ¶¶3–4; 16. To combat this infringement, Plaintiff developed "VXN Scan" which monitors, records, and ultimately downloads "pieces" of unauthorized copies distributed by infringing IP addresses. Defendant's misunderstanding of this technology forms the basis of the Motion.

"BitTorrent is a system designed to quickly distribute large files over the Internet." *Id.* at ¶17. It does this by breaking down large files "into lots of smaller 'pieces[.]'" *See Columbia Pictures Indus., Inc. v. Fung*, 710 F.3d 1020, 1026 (9th Cir. 2013); *In re Malibu Media Copyright Infringement Litig.*, No. 15-4170 (WHA), 2016 WL 926906, at *1 (N.D. Cal. Mar. 11, 2016) ("Once a file was broken down [by BitTorrent], users of the protocol [can] then copy and share the pieces of the larger file with each other, and once a user received all of the pieces of a given file, the user's BitTorrent software, called a 'client,' reassembled the bits into a complete file."). "BitTorrent users are able to connect to the computers of other BitTorrent users in order to simultaneously download and upload pieces of the file from and to other users." D.E. 11, at ¶17.

---

[1] Although many of these facts–particularly those regarding Plaintiff's technology–are explained in greater detail in Mr. Williamson's declaration, *see generally* D.E. 4, since the Motion challenges the pleadings, and not the evidence, Plaintiff only relies on the allegations made in its First Amended Complaint. *See Caldwell v. Medina*, No. 19-524 (RP), 2020 WL 4043501, at *4 (W.D. Tex. July 17, 2020) (noting that the court may consider "the complaint, its proper attachments, 'documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'" (citations omitted).

VXN Scan takes advantage of this open architecture by essentially mimicking the role of a peer (or "leach"), i.e., by downloading "one or more pieces" of the work from the infringer.[2] *See id.* at ¶¶29–30. Relevantly, VXN Scan connected to IP address 23.127.77.96 and recorded the network traffic between the two systems. VCN Scan not only record "metadata" from IP address 23.127.77.96 about its BitTorrent activity, but "pieces" of Plaintiff's works uploaded by that IP address to the BitTorrent network. *See id.* at ¶35. This metadata included the "Info Hash" of the file being infringed, *id.*, which Plaintiff independently verified correlates to the works in which it has registered copyrights. *See id.* at ¶¶32–33. Ultimately, "VXN Scan captured transactions from Defendant sharing specific pieces of 27 digital media files" of Plaintiff's works. *Id.* at ¶37. "Once a user downloads all of the pieces of that digital media file from other BitTorrent users, the digital media file is automatically reassembled into its original form, ready for playing." *Id.* at ¶26.

That is the pre-suit evidence that resulted in the original, "placeholder" complaint. D.E. 1. After granting Plaintiff's request for early discovery, D.Es. 4, 5, Plaintiff further investigated *who* used IP address 23.127.77.96 to infringe its works. It then filed the First Amended Complaint to name Defendant as the infringer. D.E. 11. Defendant's Motion followed. D.E. 13.

## III.   <u>LEGAL STANDARD</u>[3]

"A Rule 12(b)(6) motion to dismiss 'is viewed with disfavor and is rarely granted.'" *Buitron v. AEP Texas, Inc.*, No. 21-67 (AM)(VRG), 2022 WL 17732345, at *2 (W.D. Tex. Aug. 1, 2022), *report and recommendation adopted*, No. 21-67 (AM), 2022 WL 17732715 (W.D. Tex. Aug. 18, 2022) (quoting *Kaiser Alum. & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d

---

[2] To be clear, VXN Scan did not upload these pieces to other peers in the BitTorrent network and "it is incapable of doing so." D.E. 13, at ¶36.

[3] Defendant also moves for a more definite statement under Fed. R. Civ. P. 12(e) but has not argued that any portion of Plaintiff's pleadings is unintelligible. In any event, since Plaintiff does state a plausible claim for relief, Defendant's request for alternative relief should be dismissed as moot. *Cf. United States v. Barcroft*, No. 7-100, 2008 WL 2788487, at *1 (E.D. Tex. July 17, 2008).

1045, 1050 (5th Cir. 1982)). "The Court's task when considering a motion to dismiss under Rule 12(b)(6) is to evaluate the sufficiency of the pleadings and determine whether they indeed state plausible claims at a preliminary stage of the litigation[.]" *Caldwell v. Medina*, No. 19-524 (RP), 2020 WL 4043501, at *8 (W.D. Tex. July 17, 2020) "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1940, 173 L. Ed. 2d 868 (2009) (citation omitted). "The Court must accept as true all well-pleaded facts contained in the plaintiff's complaint and view them in the light most favorable to the plaintiff." *Hoppenstein v. Ruckel*, No. 14-467, 2015 WL 294295, at *1 (E.D. Tex. Jan. 22, 2015) (citing *Baker v. Putnal*, 75 F.3d. 190, 196 (5th Cir. 1996)).

Thus, the standard is an inherently liberal one, such that "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "At this stage of the proceedings, '[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'" *Jackson v. Birmingham Bd. of Educ.*, 544 U.S. 167, 184, 125 S. Ct. 1497, 1510, 161 L. Ed. 2d 361 (2005) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)).

## IV.   ARGUMENT

Defendant misapprehends the nature of the pleadings and the elements of copyright infringement. To recover from infringement of its copyrights, Plaintiff need only plead "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 111 S. Ct. 1282, 1296, 113 L. Ed. 2d 358 (1991) (citation omitted). Defendant does not contest the first element. Instead,

he complains that Plaintiff has not alleged actual damages, *see* D.E. 13, at ¶11, and challenges the sufficiency of the "copying" element because VXN Scan is only alleged to have copied "pieces" of Plaintiff's works. *See id.* at ¶10. Neither argument is availing.

First, "[t]he existence of damages suffered is not an essential element of a claim for copyright infringement." *On Davis v. The Gap, Inc.*, 246 F.3d 152, 158–59 (2d Cir. 2001), *as amended* (May 15, 2001) (citations omitted). Rather, the infringement itself *is* the harm: "Anyone who violates any of the exclusive rights of the copyright owner . . . is an infringer," who is subject to the remedies outlined by the Copyright Act. *See* 17 U.S.C. § 501(a). Indeed, statutory damages were designed to ensure recompense for "difficult or impossible" to calculate damages, *see F. W. Woolworth Co. v. Contemp. Arts*, 344 U.S. 228, 231, 73 S. Ct. 222, 224, 97 L. Ed. 276 (1952) (citation omitted), as well as vindicate the more general "statutory policy against copyright infringement." *See Energy Intel. Grp., Inc. v. Kayne Anderson Cap. Advisors, L.P.*, 948 F.3d 261, 273 (5th Cir. 2020) (citation omitted).

The only case Defendant cites in support of his proposition antedates the current Copyright Act by nearly a century. *See* D.E. 13, at ¶8. It is more of an historical curiosity than a statement of law. In *Harper v. Shoppell*, 26 F. 519 (C.C.S.D.N.Y. 1886), the defendant purchased a stereotype plate depicting the "cut" of an impression used in the plaintiff's newspaper. "The defendant . . . copied the cut, but he [did] not print[] or publish[] it," or reproduce the cut in any way. *See id.* at 521. In a proto-fair use holding, the court observed that the defendant's use of the cut "was capable of use innocently in various ways, having no relation to the publication and sale of a newspaper." *Compare id.*, *with* 17 U.S.C. § 107(4) (weighing the "effect of the use upon the potential market for or value of the copyrighted work"). In many ways, *Harper* is similar to the Supreme Court's holding that Betamax did not contributorily infringe since that technology–like the stereotype plate–had "commercially significant noninfringing uses." *See Sony Corp. of Am. v.*

*Universal City Studios, Inc.*, 464 U.S. 417, 442, 104 S. Ct. 774, 789, 78 L. Ed. 2d 574 (1984). But neither decision has held that a plaintiff must allege specific damages to maintain a claim for copyright infringement.

Second, it is of no moment that Plaintiff only alleges that "some 'portions' of the works were downloaded" by Defendant. *See* D.E. 13, at ¶¶2, 10. Indeed, Defendant concedes that "[c]ourts have determined that, at the Motion to Dismiss stage, it is enough for a plaintiff to plead that it received 'at least one piece' of the copyrighted work."[4] *Id.* at ¶7 (collecting cases). Defendant's insistence to the contrary misunderstands the pleadings. Evidence is not required at this stage, and to the extent pre-suit evidence is germane, the favorable presumption is that Defendant copied an actionable amount of the works.

Focusing on the "pieces" VXN Scan recorded from Defendant's IP address–that is, Plaintiff's evidence–misses the mark.[5] "[A] Rule 12(b)(6) motion tests the sufficiency of the

---

[4] *See also In re Malibu Media Copyright Infringement Litig.*, 2016 WL 926906 at *4 (finding that the plaintiff "received *at least one piece of each allegedly infringed work* from the defendants" especially when the "conduct occurred persistently, rather than in an isolated event" which "pled facts that plausibly demonstrate that the subscribers identified in the complaints committed the alleged infringement"); *Malibu Media, LLC v. Doe*, No. 15-05387 (WHA), 2016 WL 2937503, at *2 (N.D. Cal. May 20, 2016) ("[I]n light of the allegation that someone connected to the Internet through this IP address distributed (via BitTorrent) at least one 'piece' of each of twenty-five of [the plaintiff]'s copyrighted works on various occasions spread across a ten-month period, it is plausible, even if barely so, that the subscriber assigned that IP address is the proper defendant in this case."); *Malibu Media, LLC v. Doe*, No. 13-437, 2013 WL 12121251, at *1 (S.D. Cal. Sept. 13, 2013) (denying motion to quash and rejecting argument that infringement claims rest on "snapshot theory of liability"); *Patrick Collins, Inc. v. John Doe 1*, 945 F. Supp. 2d 367, 377 (E.D.N.Y. 2013) (denying motion to dismiss on de minimis download argument); *Malibu Media, LLC v. Winkler*, No.13-03358 (WYD)(MEH), 2015 WL 12550890, at *9 (D. Colo. June 25, 2015), *report and recommendation adopted*, No. 13-03358 (WYD)(MEH), 2015 WL 4245820 (D. Colo. July 14, 2015) (finding that, under the traditional access and probative similarity test, "one PCAP" was sufficient for indirect proof of infringement and granting plaintiff summary judgement in part).

[5] To be clear, the "pieces" are direct evidence of access and factual copying, and circumstantial evidence of substantial similarity. *Cf. Armour v. Knowles*, 512 F.3d 147, 152 (5th Cir. 2007) (citation omitted). "The reason for treating circumstantial and direct evidence alike is both clear

pleadings, not the merits of the case." *George v. SI Grp., Inc.*, 36 F.4th 611, 619 (5th Cir. 2022) (citation omitted). "Whether Plaintiff[] ha[s] the ultimate burden of proof at trial on any of [its] claims is irrelevant here because, for purposes of Defendant['s] Rule 12(b)(6) motion, Plaintiff[] ha[s] no burden of proof. Rather, the issue is whether Plaintiff[], based on their pleadings, have stated a claim upon which relief can be granted." *Preston v. Seterus, Inc.*, 931 F. Supp. 2d 743, 751 (N.D. Tex. 2013); *see Malibu Media, LLC v. Doe*, No. 13-365 (PWG), 2014 WL 7188822, at *5 (D. Md. Dec. 16, 2014) ("To require [Plaintiff] . . . to meet its ultimate burden of proof . . . at the pleading stage would turn the civil litigation process on its head; 'there is no requirement that [it] present at this stage actual evidence to support the merits of its infringement allegations.") (citation omitted). The "existence" (or sufficiency) of evidence "is a merits inquiry for summary judgment and, if necessary, for trial—not for the Rule 12(b)(6) stage." *See George*, 36 F.4th at 620 (citation omitted).

True, these pieces make up the "evidentiary support" for Plaintiff's pleadings, *see* Fed. R. Civ. P. 11(b)(3), which, when combined with the rest of the allegations, present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation[s]" that fail Rule 8(a)'s mandate. *See Iqbal*, 556 U.S. at 678. Whether Plaintiff's pre-suit evidence will be enough to prevail is not the proper inquiry. "To survive a motion to dismiss, 'Plaintiff[s'] factual allegations must rise to the level of *plausibility*, not certainty." *Doe 12 v. Baylor Univ.*, 336 F. Supp. 3d 763, 782 (W.D. Tex. 2018) (citation omitted) (emphasis original); *Strike 3 Holdings, LLC v. Doe*, No. 18-16593 (MAS), 2019 WL 4745360, at *4 (D.N.J. Sept. 30, 2019).

---

and deep rooted: 'Circumstantial evidence is not only sufficient, but may also be more certain, satisfying and persuasive than direct evidence.'" *Desert Palace, Inc. v. Costa*, 539 U.S. 90, 100, 123 S. Ct. 2148, 2154, 156 L. Ed. 2d 84 (2003) (citation omitted). The mere fact that they are circumstantial evidence of substantial similarity is not fatal to Plaintiff's claim at any posture, particularly on a motion to dismiss.

On a Rule 12(b)(6) challenge, Plaintiff's "well-pleaded facts" are taken "as true" and afforded the benefit of "all reasonable inferences[.]" *See Benfield v. Magee*, 945 F.3d 333, 336 (5th Cir. 2019) (citing *Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 194 (5th Cir. 2009)). "[E]ven if arguments about the sufficiency of Plaintiff's allegations were properly to raise at this stage, 'it takes no great imagination to see how evidence that a file was downloaded by a certain IP address could support a plausible claim that the file was downloaded by the subscriber at that IP address.'" *See Strike 3 Holdings, LLC v. Doe*, No. 21-1558 (GJH), 2022 WL 169698, at *2 (D. Md. Jan. 19, 2022) (citations omitted).

"Presumably, someone who starts downloading a movie intends to watch the movie, and thus the person will likely download the full movie. This means that there is a nonnegligible probability that a user who has a piece of a file constituting a movie on his computer also has the remaining pieces." *See Malibu Media, LLC v. Doe*, No. 13-0213, 2013 WL 5876192, at *2 (E.D. Wis. Oct. 31, 2013) (denying motion to quash). Thus, "[i]t is plausible to infer—from the allegations that portions of Plaintiff's works were found on Defendant's computer and that he was using [BitTorrent]—that he succeeded in compiling viewable copies of the protected works." *Malibu Media LLC v. Gilvin*, No. 13-72 (JV), 2014 WL 1260110, at *2 (N.D. Ind. Mar. 26, 2014); *Malibu Media, LLC v. Funderburg*, No. 13-02614, 2015 WL 1887754, at *2 (N.D. Ill. Apr. 24, 2015) ("Even if the user didn't compile complete copies, he plausibly infringed Plaintiff's copyrights by copying "constituent elements" of those works.") (collecting cases); *Patrick Collins, Inc. v. John Doe 1*, 945 F. Supp. 2d 367, 376–77 (E.D.N.Y. 2013). When the "pieces" recorded by VXN Scan are viewed with a favorable presumption, it is reasonable to assume that an actionable amount of the work was copied. Whether Plaintiff will ultimately meet its burden of proof is a question reserved for discovery and summary judgment, not Rule 12(b)(6).

## V.   <u>CONCLUSION</u>

Since Plaintiff has stated a plausible claim for relief, there is no reason to order Plaintiff make a more definite statement. For the foregoing reasons, Plaintiff respectfully requests the Court deny Defendant's Motion to Dismiss Under Rule 12(b)(6), and Motion for a More Definite Statement.

Dated: February 8, 2024                                  Respectfully submitted,

By:  */s/ Paul S. Beik*
PAUL S. BEIK
Texas Bar No. 24054444
BEIK LAW FIRM, PLLC
917 Franklin Street, Suite 220
Houston, Texas  77002
T: 713-869-6975
F: 713-583-9169
E-mail: paul@beiklaw.com

**ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that, on February 8, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

/s/Paul S. Beik
Paul S. Beik